[Civ. No. 203.   Second Appellate District.—June 14, 1906.]

JONATHAN GRAHAM, Respondent, v. REDLAND HEIGHTS WATER COMPANY et al., Appellants.

TRESPASS—INJUNCTION—INSUFFICIENT JUSTIFICATION BY CORPORATION—LICENSE TO INDIVIDUAL DEFENDANTS—DEFECTIVE PIPE-LINE.—A trespass committed by one of two individual defendants, as agent of the defendant water company, under resolution of its board of directors, in constructing a pipe-line of a substantially defective character, and likely to produce unnecessary damage to plaintiff, cannot be justified under a mere license given by plaintiff to the two individual defendants to construct a pipe-line "of good substantial material and workmanship," at their own expense and for their own use,' "for the conveyance of domestic waters to their premises," to be owned by them for the purpose of such conveyance, and the trespass by the water company defendant in the construction of such defective pipe-line was properly enjoined.

ID.—DEEDS TO WATER COMPANY FROM PLAINTIFF'S GRANTOR NOT INVOLVED.—The license to the individual defendants cannot be regarded as a legitimate exercise of the rights conferred upon the water company by deeds thereto from plaintiffs' predecessor of a right of way over plaintiffs' lands for its pipe-lines, or as coming within their provisions, or as authorizing its construction of the defective pipe-line; and the injunction against such pipe-line leaves undetermined the construction and effect of the deeds of the water company and any claim it may have to a right of way thereunder.

APPEAL from an order of the Superior Court of San Bernardino County denying a new trial. Frank F. Oster, Judge.

The facts are stated in the opinion of the court.

Halsey W. Allen, for Appellants.

E. C. Campbell, H. B. Ely, and Walter M. Campbell, for Respondent.

SMITH, J.—The suit was brought against the corporation defendant and defendant Ruggles and wife for trespass on plaintiff's land, and an injunction.   The case was tried on the answer of the defendant corporation only, and judgment entered against it.   The appeal is by the defendant corporation from an order denying its motion for a new trial.

The alleged trespass consisted in the entry of the defendant by its agents on the land of the plaintiff for the purpose of digging a ditch for a pipe-line, specifically described in the complaint, from the main pipe-line of the defendant corporation to the land of the defendants Ruggles; and by the judgment the defendant corporation is perpetually enjoined from entering on the plaintiff's premises for the purpose of excavating the ditch or trench thus specifically described, and from laying therein the proposed pipe-line as set forth in the complaint, "and from laying any new or additional pipe-line therein."

The trespass complained of was actually committed by the defendant Ruggles.   But it appears that Mr. Ruggles was a director and secretary of the defendant corporation, and that he acted under a resolution of its board of directors, of date August 9, 1901—referred to below; and it was claimed by the plaintiff that in entering upon the plaintiff's land and upon the construction of the ditch complained of he acted as the agent of the appellant-defendant.   This is denied by the defendant; but the finding of the court on this issue is in his favor and we cannot say that it is not justified by the evidence.

The defendant corporation justifies the trespass under deeds of conveyance of plaintiff's predecessor in title, claimed to give it a right of way for its pipes over the plaintiff's land; and to the construction and effect of these deeds much of the findings and arguments of the counsel are addressed.   But from the defendant's answer and the evidence it appears that the acts of the defendants Ruggles in entering upon plaintiff's land and commencing the construction of the proposed pipe-line was under a mere license of the appellant to them to construct a pipe-line of the capacity specified, "of good substantial material and workmanship," at their own expense and for their own use, "for the conveyance of domestic water to their premises; said pipe-line to be constructed

and, so far as the conveyance of water is concerned, . . . to be owned by said A. B. and S. S. Ruggles," etc. But assuming, for the purposes of the decision only, that the defendant's rights under the deeds in question are as claimed, we do not think that such a license can be regarded as a legitimate exercise of the rights of the appellant-defendant under its deeds, or as coming within their provisions; and still less can it be regarded as justifying a pipe of the description of the pipe in question, which, it is found by the court, is of a substantially defective character and likely to be productive of unnecessary damage to the plaintiff.

The justification pleaded, therefore, fails in this respect, and the findings of the court must be regarded as sufficient to sustain the judgment of the court, which goes no further than to enjoin the appellant-defendant from excavating the ditch specifically described in the complaint, and from laying the pipe-line so specifically described, or "any new or additional pipe-line therein." This disposes of all the matters in issue in the case and leaves undetermined the construction of the deeds set up in the defendant's answer and any claims it may have to a right of way over lands of the plaintiff or others claimed thereunder.

The order appealed from must be affirmed; and it is so ordered.

Allen, J., and Gray, P. J., concurred.